**Sarah ROBERTS, Plaintiff–Appellant,**

**v.**

**The COUNTY OF NASSAU, Thomas S. Gulotta, as County Executive, Nassau County Medical Center, Dawn Price, in her individual and official capaci-**

ties, Nassau Healthcare Corporation, Joseph R. Erazo, in his individual and official capacities, and Catherine Hottendorf, in her individual and official capacities, Defendant–Appellees.

Docket No. 04–1658–CV.

United States Court of Appeals, Second Circuit.

July 7, 2005.

Joshua A. Marcus, Gringer, Franklin, Gringer & Cohen, P.C., Garden City, N.Y. (Martin Gringer on the brief), for Appellant.

Peter J. Clines, Deputy County Attorney, Nassau County, Mineola, N.Y. (Lorna B. Goodman, County Attorney, on the brief), for Appellees.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED**.

Sarah Roberts, an African–American nurse, appeals the district court's grant of summary judgment dismissing her em-

ployment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§ 1981 and 1983, and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 290 *et seq.* We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows:

(1) The district court correctly held that each of Roberts' claims—with the exception of a claim of discriminatory transfer in July 1997—was barred by the applicable statute of limitations. Discrete acts of discrimination occurring outside the Title VII limitations period for filing an administrative complaint are not actionable on the theory that a different act of discrimination occurred within the limitations period. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The same is true for claims made pursuant to Sections 1981 and 1983, *see Washington v. County of Rockland,* 373 F.3d 310, 317–18 (2d Cir.2004), and to Human Rights Law claims, *see Dawson v. Bumble & Bumble,* 398 F.3d 211, 217 (2d Cir.2005) (stating that we analyze NYSHRL claims employing the same analytic framework that we employ in Title VII cases).

■ (2) Roberts' reliance on hostile environment and pattern-or-practice theories to defeat the statute-of-limitations defense is unavailing. First, we consider Roberts to have waived any hostile work environment claims on account of her failure to contest on appeal the district court's adverse ruling on this point. Even assuming that she sufficiently alleged a hostile environment, an issue we do not reach, she did not allege any actions contributing to that environment that occurred within the statute of limitations. Therefore, the actions alleged to have taken place outside the limitations period are not actionable. *See*

*Morgan,* 536 U.S. at 118, 122 S.Ct. 2061. Further, Roberts has not offered any evidence to support a pattern-or-practice claim which requires evidence that discrimination was the defendants' standard operating procedure. *See Robinson v. Metro–North Commuter R.R. Co.,* 267 F.3d 147, 157–58 (2d Cir.2001).

■ (3) We also agree with the district court that, even assuming Roberts established a prima facie case of race discrimination with respect to her July 1997 transfer, she did not offer proof from which a reasonable finder of fact could conclude defendants motive for her transfer was discriminatory. *Cf. Schnabel v. Abramson,* 232 F.3d 83, 88 (2d Cir.2000). Defendants offered substantial proof that (a) Roberts's transfer took place as part of a general reorganization plan in which nurses holding senior job titles, such as Roberts, were transferred to the night and evening shifts to improve care on those shifts; (b) nurses were transferred to new areas to improve morale; (c) Roberts' replacement in the job from which she was transferred was senior to her; (d) the other African–American nurse whose rank was equivalent to Roberts's remained on the day shift; and (e) Roberts herself admitted that she had previously recommended a reorganization in which senior nurses would work on the night and evening shifts. Roberts did not directly contravene any of this proof, and the proof that she did offer was tangential, sometimes reliant on hearsay, and remote in time from the actual incident. Consequently she did not offer proof from which a reasonable fact-finder could conclude that discrimination motivated the employer's decision.

(4) We have considered Roberts' remaining arguments and concluded that they lack merit.

We therefore affirm the judgment of the district court.